FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP - 6 2016

RICK WARREN
COURT CLERK

40_____

**IN THE OKLAHOMA COUNTY DISTRICT COURT
STATE OF OKLAHOMA**

| | |
|---|---|
| RAFE L. MORRIS,<br>    Plaintiff,<br><br>vs.<br><br>AMERICAN MEDICAL RESPONSE<br>AMBULANCE SERVICE, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. **CJ 2016-4567**<br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## PETITION

**COMES NOW**, the Plaintiff, Rafe L. Morris, for his cause of action against Defendant, American Medical Response Ambulance Service, Inc., herein alleges and states as follows:

### PARTIES

1. Rafe L. Morris is a resident of McLain County, State of Oklahoma.

2. American Medical Response Ambulance Service, Inc., ("AMR") is a foreign for Profit Corporation; incorporated in Delaware with its principle place of business in Colorado and operates in Oklahoma City, County of Oklahoma, State of Oklahoma, under a contract with the Emergency Medical Services Authority.

### JURISDICTION AND VENUE

3. All of the claims arose in Oklahoma County, and the Defendant does business in Oklahoma County.

4. Plaintiff has performed any conditions precedent by filing this action with the Equal Employment Opportunity Commission, and the Oklahoma Attorney General's Office, Office of Civil Rights Enforcement, and received a "Notice of Rights" dated June 8, 2016. (*See* Exhibit 1). Plaintiff has timely filed this action within 90 days of receipt of the Notice of Rights.

1



EXHIBIT
1

5. Venue is proper in this Court, pursuant to 12 O.S. § 137.

## STATEMENT OF FACTS

6. Plaintiff began his employment with Defendant AMR on May 15, 2006, as a paramedic. On or about November 8, 2013, Plaintiff was injured in a work-related accident and filed a workers' compensation claim against Defendant, obtaining an attorney to represent him.

7. Plaintiff reached Maximum Medical Improvement on or about April 21, 2015, and was placed on permanent restrictions preventing him from lifting, pushing or pulling more than forty (40) pounds of weight. The restrictions made Plaintiff unable to perform the duties required of a paramedic.

8. Plaintiff was required to apply and interview for open positions, which he did, applying for two positions, a Safety and Risk Manager and System Status Controller.

9. Plaintiff was not selected for either positions, although qualified for both.

10. Significantly, the Systems Status Controller (more commonly known as "Dispatcher") requirements included certification as an EMT or Paramedic, which Plaintiff had; a preference for one (1) years experience in the field as an EMT or Paramedic, which Plaintiff had; and only required occasional lifting and/or moving up to ten (10) pounds, which Plaintiff could do.

11. On information and belief, Plaintiff was not selected for the position of Safety and Risk Manager because another employee with more years of experience was selected.

12. On information and belief, Plaintiff was not selected for the position of Systems Status Controller, as other candidates "interviewed better."

13. Defendant fired Plaintiff on May 18, 2015, and was told the reasons was that he was unable to return to his paramedic position and because there were no other job openings at that time for which he was qualified.

14. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered significant financial injury. After being released by Defendant, Plaintiff went through a period of unemployment and later accepted a position at lesser pay.

## COUNT I

### Violation of the Americans with Disabilities Act, as Amended ("ADA")

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

15. Plaintiff is disabled and has a record of disability, as defined by the Americans with Disabilities Act of 1990, as amended by the Americans With Disabilities Act Amendments Act of 2008 ("ADA"), in that he has a physical impairment that substantially limits one or more major life activities. Specifically, Plaintiff cannot lift over 40 lbs., nor push/pull over 40 lbs., and is limited in reaching above chest and overhead.

16. Defendant is an employer within the meaning of the ADA.

17. The ADA requires employers to provide a reasonable accommodation, which includes reassignment to a vacant position (29 C.F.R. § 1630.2(o)(2)(ii)), for which he is qualified.

18. Defendant had open positions for which Plaintiff was qualified, but required Plaintiff to apply for the positions and compete with other applicants.

19. On information and belief, Plaintiff was not selected for the positions because other employees had more experience or interviewed better.

3

20. Defendant violated the ADA by discriminating against Plaintiff on the basis of his disability by failing to reassign Plaintiff to an open position for which he was qualified, with or without accommodations. Plaintiff requested this reasonable accommodation, but Defendant did not make it.

21. As a direct and proximate result of the discriminatory actions of the Defendant, the Plaintiff has suffered loss of income and other financial benefits in the past, present, and will continue such losses in the future.

## COUNT II

**Discrimination in Violation of the Oklahoma Anti-Discrimination Act ("OADA")**

For his second cause of action, Plaintiff incorporates all prior allegations as if fully set forth herein, and further alleges and states as follows:

22. Plaintiff is an employee under the meaning of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1301 *et seq.* ("OADA")

23. Defendant is an employer under the meaning of the OADA.

24. Plaintiff is an individual with a disability under the OADA, as he has a physical impairment, and a record of impairment, which substantially limits one or more major life activities.

25. Defendant failed to provide the reasonable accommodation of reassigning Plaintiff to an open position for which he was qualified, with or without accommodation.

26. Defendant's refusal to accommodate Plaintiff's disability qualifies as a violation of the OADA because Plaintiff requested the accommodation of reassignment, was qualified for the position, and no undue hardship existed.

27. As a direct and proximate result of the discriminatory actions of the Defendant, the Plaintiff has suffered loss of income and other financial benefits.

## COUNT III

### Retaliation in Violation of 85 O.S. § 341[1]

For his third cause of action, Plaintiff incorporates all prior allegations as if fully set forth herein, and further alleges and states as follows:

28. Plaintiff filed a claim under the Workers' Compensation Act in effect at the time of his injury and retained a lawyer regarding his claim.

29. On information and belief, another employee who had similar restrictions from a work-related injury was placed in the position of Systems Status Controller without having to apply, nor interview for the position.

30. Plaintiff believes he was denied this opportunity because he retained a lawyer for representation regarding his claim and instituted a proceeding under the provisions of the Act in violation of 85 O.S. § 341(A)(1), (2).

31. As a direct and proximate result of the discriminatory actions of the Defendant, the Plaintiff has suffered loss of income and other financial benefits in the past, present, and will continue such losses in the future.

## PRAYER

WHEREFORE, Plaintiff, Rafe L. Morris, requests this Court to enter judgment in his favor and against the Defendant, American Medical Response Ambulance Service, Inc., by declaring the conduct of the Defendant be in violation of Plaintiff's statutory rights; awarding the

---

[1] 85 O.S. § 341 was the statute in place at the time of Plaintiff's injury in November 2013. This statute was superseded effective February 1, 2014, and replaced with the "Oklahoma's Administrative Workers' Compensation Act." Section 3(B) of Title 85A states that "[t]his act shall apply only to claims for injuries and death based on accidents which occur on or after the effective date of this act."

5

Plaintiff back pay, and compensatory damages for his losses from the date of his wrongful termination until the date of any judgment, and front pay into the future; awarding the Plaintiff compensatory and punitive damages not otherwise specified herein; awarding the Plaintiff any and all liquidated damages, which would make the plaintiff "whole"; awarding the Plaintiff attorney fees, and the cost of this action, pre-judgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
PATRICIA ANNE PODOLEC, OBA #21325
FOSHEE & YAFFE
P. O. Box 890420
Oklahoma City, OK  73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
ppodolec@fosheeyaffe.com

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

EEOC Form 161 (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rafe L. Morris<br>764 County Street 2966<br>Tuttle, OK 73089 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2015-01230 | Rafael Tirado, Investigator | (405) 231-5857 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)     Per: Holly Waldron Cole,     6-8-2016
                  Area Office Director         (Date Mailed)

cc:   Scott S. Rowekamp                    Patricia A. Podolec
      Sr. Labor & Empl. Counsel            FOSHEE & YAFFE
      AMERICAN MEDICAL RESPONSE            P.O. Box 890420
      Legal Department                     Oklahoma City, OK 73189
      620 S. Syracuse Way, Ste. 200
      Greenwood Village, CO 80111



EXHIBIT 1

UNITED STATES POSTAGE
PITNEY BOWES
$ 007.36⁰
02 1P
0000880483  SEP 08 2016
MAILED FROM ZIP CODE 73170

CERTIFIED MAIL

7014 2870 0001 2998 1126

Foshee and Yaffe Law Firm
P.O. Box 890420
Oklahoma City, OK 73189

American Medical Response Ambulance Service,
Inc. c/o Corporation Service Company
115 S.W. 89th Street
Oklahoma City, OK 73139